IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JARRETT POKORNY, )
               Plaintiff, )
  -vs- )   Civil Action No. 16-493
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
               Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.**    **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging disability began on March 16, 2012. (ECF No. 6-6, pp. 2, 4). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on February 13, 2014. (ECF No. 6-2, pp. 36-65). On August 18, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 16-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Supplemental Hearing</u>

Plaintiff first argues that the ALJ erred by failing to grant a supplemental hearing. (ECF No. 11, pp. 8-9). Plaintiff suggests that the ALJ "promised" to provide a supplemental hearing to cross-examine the consultative examiner, Dr. Eberle.[2] *Id.* After a review of the record, I disagree.

At the hearing, the following exchange occurred between the ALJ and counsel:

ATTY: …As you can see, I just became involved in this case less than three weeks ago. And we would ask for a continuance of this matter so that we can update the records.

I see a consultative exam in there from Dr. Eberly (phonetic), which seems to be at odds with some of the evidence which I believe to be out there. And I may even want to cross-examine Dr. Eberly because he seems to be at such odds, but I can't do that until I have the opportunity to get the other information.

ALJ: Well, Mr. Cinco, the problem in this case is that this case is aged. This claimant's been out there since May, of 2012, waiting for a hearing. So we want to go forward with the hearing. **If you need a supplemental hearing, we'll be glad to do that once—**

---

[2] Throughout the record, the consultative examiner's name has been spelled as both Eberly and Eberle. The correct spelling is Eberle. (ECF No. 6-13, p. 50).

3

> ATTY: Thank you, Judge.
>
> ALJ: **you get the additional medical that you require**.
>
> \* \* \*
>
> ALJ: Counselor?
>
> ATTY: Just, just one or two, but, again, I'm not going to be able to ask him a complete set of hypotheticals because I don't have access to these updated records. And, particularly, I'm looking at the stuff from Dr. Kang, which **may** be important in framing a question.
>
> \* \* \*
>
> ALJ: Okay. That concludes the hearing for today. We'll keep the record open for 30 days. If additional time is needed, let us know. And at that time, **we'll decide if, in fact, we need a supplemental hearing**.

(ECF No. 6-2, pp. 39-40, 62, 64). Thus, contrary to Plaintiff's assertion, a "promise" to hold a supplemental hearing was never made.

After the hearing, Plaintiff's counsel requested three extensions to keep the record open such that he could submit additional records into evidence. (ECF No. 6-8, pp. 17, 19 and 25). Additionally, in the April 3, 2014, letter requesting to keep the record open, Plaintiff's counsel specifically requested that the ALJ schedule a supplemental hearing for him to cross-examine Dr. Eberle. (ECF No. 6-8, p. 25). While the ALJ accepted the additional evidence submitted by Plaintiff's counsel, a supplemental hearing was never scheduled. The ALJ specifically addressed counsel's request in her decision:

> The claimant's representative requested a supplemental hearing to allow cross-examination of Dr. Eberly, the consultative examiner (Hearing Testimony, Exhibit 18E). The undersigned denies this request because Dr. Eberly's report and opinion is given **no weight**. Dr. Eberly found that the claimant's presentation was completely within normal limits and showed no difficulties in memory, focus or attention. He then related all of the claimant's problems to substance abuse and provided an opinion and GAF score supporting only slight limitations (Exhibit 10F). The undersigned gives his opinion little weight, as it is inconsistent with the neuropsychiatric evaluations, the claimant's post-concussive syndrome and the mental health evidence of record. Furthermore, the record does not support a finding that the claimant's limitations are solely based on drugs and alcohol as aside from substance abuse being the cause of his motorcycle accident and January of 2012, hospitalization, the mental health records do not focus on his polysubstance abuse. In addition, the claimant went to opiate rehabilitation to

4

stop using Methadone and reported being clean from all drug and alcohol for one year (Hearing Testimony, Exhibit 1F/8, 23, 3F/10, 11, 12, 4F/22, 5F/8,9, 6F7, 8, 12F/4,5,7,8, 13F/2/3, 16F/1,3,4,5,8,9, 19F/3,4,9,10,11,18,19,24,28,31).

(ECF No. 6-2, p. 26).

Based on the above, I find that the ALJ did not err in failing to hold a supplemental hearing to cross-examine Dr. Eberle. The ALJ gave Dr. Eberle's opinion **no or little weight**. (ECF No. 6-2, p. 26). In essence, the ALJ rejected Dr. Eberle's opinion with great specificity. Therefore, it would have been a complete waste of judicial resources to order a supplemental hearing to cross-examine Dr. Eberle. Furthermore, Plaintiff has failed to proffer the questions he wanted to ask Dr. Eberle that would have changed the ALJ's opinion. Clearly, Dr. Eberle's opinion is not in any way favorable, to Plaintiff. Under these circumstances, I am at a complete loss as to what questions of Dr. Eberle would have been beneficial to Plaintiff's case.[3] Thus, I find remand is not warranted on this basis.

### C. Little vs. No Weight

Plaintiff's next argument is that the ALJ failed to explain the weight given to Dr. Eberle's report. (ECF No. 11, pp. 10-11). Plaintiff suggests that the ALJ's opinion is "incapable of review" because at one point she gives Dr. Eberle's opinion no weight and a few sentences later she gives the opinion little weight. *Id.* at p. 10. To that end, Plaintiff requests that the case be remanded with specific instructions for the ALJ to provide "a clear and reasonable explanation capable of review as to how much weight" she gave Dr. Eberle's opinion. *Id.* at 10. While it is true that when describing the weight the ALJ gave Dr. Eberle's opinion the ALJ used the terms "no weight" and "little weight," there is no doubt that the ALJ was rejecting Dr. Eberle's opinion.

---

[3] In his brief, Plaintiff seems to imply that he wanted a supplemental hearing to cross-examine other experts. (ECF No. 11, p. 9). To be clear, that was not the specific request before the ALJ. The formal request of the ALJ, after a review of all of the medical evidence by counsel, was to have a supplemental hearing to cross-examine Dr. Eberle only. (ECF No. 6-8, p. 25). After his careful review, Plaintiff did not ask that a supplemental hearing be held for any other reason, which he could have done. *Id.* As a result, I find that the ALJ did not err in failing to order a supplemental hearing for unknown reasons to her.

> The claimant's representative requested a supplemental hearing to allow cross-examination of Dr. Eberly, the consultative examiner (Hearing Testimony, Exhibit 18E). The undersigned denies this request because Dr. Eberly's report and opinion is given **no weight**. Dr. Eberly found that the claimant's presentation was completely within normal limits and showed no difficulties in memory, focus or attention. He then related all of the claimant's problems to substance abuse and provided an opinion and GAF score supporting only slight limitations (Exhibit 10F). The undersigned gives his opinion little weight, as it is inconsistent with the neuropsychiatric evaluations, the claimant's post-concussive syndrome and the mental health evidence of record. Furthermore, the record does not support a finding that the claimant's limitations are solely based on drugs and alcohol as aside from substance abuse being the cause of his motorcycle accident and January of 2012, hospitalization, the mental health records do not focus on his polysubstance abuse. In addition, the claimant went to opiate rehabilitation to stop using Methadone and reported being clean from all drug and alcohol for one year (Hearing Testimony, Exhibit 1F/8, 23, 3F/10, 11, 12, 4F/22, 5F/8,9, 6F7, 8, 12F/4,5,7,8, 13F/2/3, 16F/1,3,4,5,8,9, 19F/3,4,9,10,11,18,19,24,28,31).

(ECF No. 6-2, p. 26). As set forth above, the reasons given by the ALJ in weighing the opinion of Dr. Eberle were appropriate and sufficiently explained with specificity. (ECF No. 6-2, p. 26); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Thus, I find that I am able to make a meaningful and proper review.

After a review of the same, I find the opinion to give Dr. Eberle's opinion little or no weight to be supported by substantial evidence of record. Thus, I find no error in this regard on the part of the ALJ in rejecting the opinion of Dr. Eberle. Contrary to Plaintiff's position, remand for a distinction between little and no weight would be an exercise in futility since Dr. Eberle's opinion is in no way beneficial to Plaintiff, as is plainly set forth above by the ALJ. (ECF No. 6-2, p. 26). Consequently, remand is not warranted on this basis.

### D. <u>Severe Impairment</u>

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, Plaintiff argues that the ALJ erred in failing to find his left hand tendon adhesions and left MCP joint contractures to be severe. (ECF No. 11, pp. 12-13). Although the ALJ did not find these impairments to be severe, the ALJ found that Plaintiff has the following severe impairments: status post open deduction internal fixation of the right distal clavicle, status post open reduction and internal fixation of the left ankle, history of fractures of the right cuboid and C7, post concussive syndrome, depression, anxiety and polysubstance abuse. (ECF No. 6-2, p. 18). So, the ALJ proceeded to the next steps. (ECF No. 6-2, p. 19). Thus, Plaintiff was not denied benefits at step 2.

The ALJ proceeded beyond step 2. (ECF No. 6-2, pp. 19-30). In so doing, the ALJ acknowledged that in making the residual functional capacity ("RFC") determination she considered all impairments, severe and non-severe. (ECF No. 6-2, p. 22). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 6-2, pp. 21-28). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

### E. <u>Assessment of the Evidence</u>

Plaintiff's final argument is that the ALJ ignored medical records and substituted her own lay opinion for that of the medical opinions. (ECF No. 11, pp. 14-15). In support thereof, Plaintiff suggests that the ALJ "inappropriately selected only those portions of the questioning to support her decision while disregarding other critical evidence." *Id.* at p. 15. After a review of the evidence, I disagree.

To begin with, the ALJ specifically stated in her decision that she considered "all of the evidence" in making her determination and she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical

7

evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (ECF No. 6-2, pp. 16, 22). Contrary to Plaintiff's position, I find that the ALJ appropriately discussed all portions of the record while weighing the evidence. 20 C.F.R. §404.1527 and §416.927. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. Consequently, I find no error in this regard.

To the extent that Plaintiff is arguing that the ALJ erred in assessing Plaintiff's credibility, after a review of the evidence, I disagree. In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 6-2, pp. 16-30). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.* at p. 25. Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R.

§404.1529 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 6-2, pp. 16-30). Therefore, to the extent Plaintiff is making a credibility argument, I find no error in this regard. Consequently, remand is not warranted on this basis.

      An appropriate order shall follow.

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JARRETT POKORNY, )
 )
      Plaintiff, )
  -vs- ) Civil Action No. 16-493
 )
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of June, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                               Donetta W. Ambrose
                                               United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.